CARPENTER *a.* THE NEW YORK & NEW HAVEN RAILROAD COMPANY.

*Supreme Court, First District ; Special Term, Sept.,* 1857.

INJUNCTION.—DIVIDEND.—MONEYED CORPORATION.—RIGHTS OF STOCKHOLDERS.

An action may be maintained by a stockholder in a moneyed corporation to enjoin the payment of a dividend, where the directors are about to misapply the funds of the corporation, in paying such dividend, there being in fact no money earned for such a purpose.

After a dividend has been declared, the right of each shareholder in the dividend payable to him is separate and independent of that coming to other shareholders, and he cannot file a bill in behalf of such others to restrain the payment of the dividend.

A stockholder in a moneyed corporation can only claim the intervention of the court to protect the corporate property from the acts of the corporate officers, in cases where it is threatened with waste or misapplication.

Motion to dissolve a temporary injunction.

This action was brought by George Carpenter and others, stockholders in the defendants' corporation, in behalf of themselves and all others who should come in, &c., to procure an injunction restraining the payment of dividends declared in February, 1857.

A preliminary injunction was granted, which defendants now, upon the coming in of the answer, moved to dissolve. Other facts are stated in the opinion.

*William Curtis Noyes*, for the motion.

*John E. Burrill*, opposed.

DAVIES, J.—The complaint in this cause is filed by the plaintiffs, alleging that they are stockholders in the corporation, and it is filed as well on their behalf as of all other stockholders who desire to avail themselves thereof, and who are willing to contribute to the expense of the action. The complaint alleges that by reason of the frauds of the transfer agent of the corporation, a larger amount of stock therein has been issued than was authorized by the act of incorporation; that such stock is so mingled with the original and genuine that it is impossible to distinguish the one from the other, and that in consequence of the refusal of the directors and the other stockholders to recognize the said stock, large claims have been preferred against the corporation, in consequence thereof; that other claims are also pending, and which the plaintiffs believe, to a considerable amount, will be established against the corporation; that the directors have omitted for several years, to declare any dividends, but that they have declared a dividend on February 16, 1857. The plaintiffs allege that the same is to be paid without any recognition of the rights of those claiming to be stockhold-

ers by virtue of the stock issued by said transfer agent, that the company have no surplus earnings from which to pay the same, and that its payment would be injurious to the credit of the company. Upon the facts stated in the complaint, a temporary injunction was issued restraining the payment of said dividend. The defendants now answer the complaint, and set forth that the plaintiffs are stockholders to the extent of fifty shares, but claim to be stockholders in a much larger number of shares; that such latter claim is denied by the directors and by the original, and as the defendants claim, the genuine stockholders of the corporation; that the company on April 1, 1856, presented of net earnings the sum of $88,793.57, and earned a surplus between that date and October 1, 1856, a further sum of $117,740.21, making a total surplus on hand, applicable to the payment of dividend, of $206,533.78; that the claims against the company, which can be legally established against it, cannot be large, and which the company will have adequate means to pay off and discharge. The defendants now move to discharge the order for a temporary injunction.

On motion to vacate an injunction order, on complaint and answer, if all the equities of the complaint are denied, the injunction cannot be sustained. In this case those equities are denied. The ground upon which this complaint could be maintained is, that the defendants were about to misapply the funds of the corporation, and intended to pay a dividend to its stockholders, when, in fact, there was no money earned for such a purpose. It cannot be doubted that in a proper case such a complaint may be entertained. The case of Carlisle *a.* The Southeastern Railway Company is an authority in point. In that case an act of parliament prohibited the company from declaring and paying dividends until certain roads had been made and completed. The bill was filed by the plaintiff, as well on his own behalf as that of the other shareholders, to restrain the payment of a dividend already declared, and the declaration of future dividends. The master of the rolls granted the injunction asked for, and on an appeal to the lord-chancellor his order was renewed as to the restraint of the payment of further dividends. In this case the act of parliament prohibited the payment of dividends until the road mentioned was constructed. The defendants contended that they had funds on hand sufficient, applicable

for the purpose; but the master of the rolls did not think this distinctly appeared, and therefore he granted the injunction. In this view the lord-chancellor concurred. But the chancellor also held, that in reference to a dividend already declared, the right of each shareholder in the dividend payable to him was separate and independent of the other shareholders, and consequently the plaintiff had no right to appear for them, and that they were not before the court. So in the present case, this complaint not having been filed until after the dividend was declared, the plaintiffs have no standing in court in reference to the dividend payable to the other shareholders, to others than themselves.

The lord-chancellor says:—" As to the dividend declared, therefore, there is not only no community of interests, but a direct adverse interest, as between the plaintiff and those other shareholders, and no bill on behalf of the two can be maintained." I do not suppose it would be contended that this court has any right to interfere with the internal management of the affairs of the company by its duly constituted board of directors, in reference to matters resting in their discretion. Such are the times and circumstances under which dividends shall be paid—whether or not they should be paid out of earnings while disputed claims are unadjusted and unascertained—independent of the allegations of the complaint that there were no surplus earnings out of which this dividend could be paid. The objections interposed by the plaintiffs to its payment are mainly that claims to a large amount are impending over the property, and that, if established, the payments thereof will greatly exhaust the capital, and that if the dividends are reserved, as they should be, a fund will be provided to meet the same. The defendants deny that any such claim can or will be established against them, and say that it would be unjust to the stockholders to deprive them of their share of the earnings of the road to create a fund to liquidate a debt which they say cannot and which may never be established. In this view the great majority of the stockholders concur, as it appears from the answer that since the dividend was declared a meeting of the stockholders has been held, and the conduct of the directors in declaring the same has been approved of by them. A stockholder can only claim the intervention of this court to protect the corporate property when it is threatened with waste or misapplication.

For the reasons given by me a few days since in the case of Blatchford against the defendants,* the plaintiffs can only be regarded as stockholders to the extent of fifty shares. As such holders they are entitled to the aid of the court to protect their property against waste or misapplication. The directors and the trustees are the trustees of the common fund belonging to the stockholders of the corporation, who are the *cestui que trusts*. To protect such property, and see that it is legally and properly applied, is the duty of this court, when its aid is invoked in a proper case. From the facts before me I am bound to say that it appears that the directors have earnings on hand sufficient to pay this dividend, and that this court has no right or authority to require them to retain such dividend to create a fund to liquidate debts which may or may not be established. Such dividends, when declared, belong to the stockholders; and if the same can be legally paid, as I think they can in this case, it is not competent for an individual stockholder to prevent such payment.

The temporary injunction must, therefore, be dissolved.